IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Marshall Leon Watkins, | ) | C/A No. 0:17-135-MGL-PJG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | **AND** |
| Nurse Jones; Lieutenant Smith; Lieutenant Surratt; Sgt Lawiss; Lieutenant Blackwell; Lt. Taylor; Ms. Phyall; James Simmons, | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |

Plaintiff Marshall Leon Watkins, a self-represented state prisoner, filed this civil rights action against the named defendants pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant Jones's motion to dismiss (ECF No. 91), and a motion for summary judgment filed by Defendants Lawless,[1] Simmons, and Smith (ECF No. 112).[2] Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Watkins of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions. (ECF Nos. 93 & 113.) Watkins responded in opposition to the defendants' motions (ECF

---

[1] Defendant Lawiss is more correctly identified as "Lawless." (See Lawless Aff., ECF No. 112-7.) The Clerk of Court is directed to amend the caption to reflect this correction.

[2] It appears that Defendants Surratt, Blackwell, Taylor, and Phyall were never properly served with process. (See ECF No. 80.) Accordingly, the court recommends that these defendants be dismissed from this action without prejudice. See Fed. R. Civ. P. 4(m).



Nos. 101 & 117), and the defendants replied (ECF Nos. 102 & 119).[3] Having reviewed the parties' submissions and the applicable law, the court concludes that the defendants' motions should be granted.

## BACKGROUND

The following facts are either undisputed or are taken in the light most favorable to Watkins, to the extent they find support in the record. Watkins alleges that on or about May 20-21, 2016, while housed in the restricted housing unit ("RHU") of Perry Correctional Institute ("PCI"), Defendant Nurse Jones awoke Watkins and distributed medication to him through the door flap. Watkins swallowed the medication. (2d Am. Compl., ECF No. 53-2 at 5-6.) According to a Step 1 grievance attached to his Complaint,[4] Watkins alleges that after taking the medication, he became dizzy and had to lie down, and that his body "locked up" in a "paralytic state." (Step 1 Grievance, ECF No. 53-5 at 4.) Watkins further alleges that unnamed corrections officers came to his cell door and called for him, and when he didn't respond, the officers[5] sprayed him with chemical munitions. (Id.) The officers then entered the cell and took Watkins to shower and wash off the chemical munitions, and they informed Watkins that he had been given the incorrect medication. (Id.) Watkins alleges that he suffered burn marks to his face and around his eyes and that he continues to

---

[3] Watkins also filed a sur-reply. (ECF No. 110.) The Local Civil Rules make no provision for sur-replies. However, consideration of Watkins's sur-reply would not change the court's recommendation on the defendants' motions.

[4] Although Watkins's Complaint references an attachment that further details the facts underlying his claims, no such attachment was provided to the court. (See 2d Am. Compl., ECF No. 53-2 at 6.) Accordingly, many of the facts summarized here are gleaned from a grievance attached to Watkins's Complaint.

[5] Watkins later amended his Complaint to specify that Defendant Lt. Taylor was the officer who sprayed him. (2d Am. Compl., ECF No. 53-1.)



have adverse reactions from the wrongfully-distributed medication. (2d Am. Compl., ECF No. 53-2 at 6.) The court construed Watkins's Complaint, as amended, as bringing claims pursuant to 42 U.S.C. § 1983 alleging excessive force in violation of the Eighth Amendment against Defendants Smith, Surratt, Lawless, Blackwell, and Taylor; for deliberate indifference to medical needs in violation of the Eighth Amendment against Defendant Jones; and for violations of the Due Process Clause of the Fourteen Amendment against Defendants Phyall and Simmons. (Order, ECF No. 72 at 1.) Watkins seeks monetary damages.

## DISCUSSION

**A.   Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court "may also consider documents attached to the complaint, see Fed. R. Civ. P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Philips v. Pitt

Page 3 of 11

PJG

Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citing Blankenship v. Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006)).

Pursuant to Rule 56, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a

complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Erickson v. Pardus, 551 U.S. 89 (2007), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Defendant Jones's Motion to Dismiss**

As summarized above, Watkins alleges that Nurse Jones was deliberately indifferent to his medical needs in violation of the Eighth Amendment when she gave him the wrong medication, which caused his body to "lock-up."

**1.      Eighth Amendment Generally**

The Eighth Amendment to the United States Constitution expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To proceed with his claim under the Eighth Amendment, Griffin must demonstrate: (1) objectively, the deprivation suffered or injury inflicted was "sufficiently serious," and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.' " Iko v. Shreve, 535 F.3d 225, 238 (4th Cir. 2008) (citing Wilson v. Seiter, 501 U.S. 294, 298-300 (1991)). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.' " Williams, 77 F.3d at 761 (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)).



### 2. Deliberate Indifference to Medical Needs

Deliberate indifference by prison personnel to a prisoner's medical needs is actionable under the Eighth Amendment to the United States Constitution. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). To satisfy the subjective prong of an Eighth Amendment claim, an inmate must show that the prison official's state of mind was "deliberate indifference" to the inmate's health and safety. Farmer, 511 U.S. at 834. A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Id. at 847; Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). To be liable under this standard, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. However, because even a subjective standard may be proven through circumstantial evidence, "a prison official cannot hide behind an excuse that he was unaware of a risk, no matter how obvious." Makdessi v. Fields, 789 F.3d 126, 133 (4th Cir. 2015) (quoting Brice v. Va. Beach Corr. Ctr., 58 F.3d 101, 105 (4th Cir. 1995)). Therefore, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that a risk was obvious." Makdessi, 789 F.3d at 133 (quoting Farmer, 511 U.S. at 842).

Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the Eighth Amendment." Estelle, 429 U.S. at 105. To establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. While the Constitution requires a prison to provide inmates

with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). "[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted) (alterations in original); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Watkins has failed to provide evidence from which a reasonable jury could find deliberate indifference to his medical needs. As argued by Defendant Jones, the United States Court of Appeals for the Fourth Circuit as well as courts in this district have routinely held that accidentally providing an inmate with the wrong medication does not rise to the level of a constitutional violation. See, e.g., Brown v. Briscoe, 998 F.2d 201, 204 (4th Cir.1993) (upholding *sua sponte* dismissal of an inmate's §1983 claim where a nurse administered a vaccination even though the inmate informed her he had already received one); Wilson v. Bodiford, No. 2:13-cv-199-RMG, 2014 WL 272238, at *1 (D.S.C. Jan. 23, 2014) ("[T]he negligent administration of the wrong medicine does not rise to the level of an Eighth Amendment violation or constitute deliberate indifference."); Chestnut v. South Carolina Dep't of Corrections, C/A No. 3:10-200-TLW-JRM, 2010 WL 1052213, at *13 (D.S.C. Feb. 12, 2010) (finding a nurse's actions did not rise to the level of deliberate indifference when she erroneously gave an inmate an incorrect pill), R&R adopted by 2010 WL 1052207 (Mar. 19, 2010). At most, Watkins's claims allege negligence or medical malpractice, which are not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th

*PJG*

Cir. 1987); see also Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). Accordingly, based on the record presented in this case, no reasonable jury could find that Defendant Jones was deliberately indifferent to Watkins's medical needs.

C. **Motion for Summary Judgment by Defendants Lawless, Simmons, and Smith**

1. **Eighth Amendment—Excessive Force**

Although the court construed Watkins's Complaint, as amended, as raising an Eighth Amendment claim of excessive force against Defendants Lawless and Smith based on the incident involving chemical munitions, Watkins does not make any specific allegations against these defendants, alleging only that "officers" used excessive force when they sprayed him with chemical munitions. (2d Am. Compl., ECF No. 53-5 at 4.) Watkins later clarified in an amendment to his Complaint, that Lt. Taylor was the officer who "sprayed" him. (Id., ECF No. 53-1.) However, the defendants provide affidavit testimony in which they aver that Defendant Smith was not even present when the chemical munitions were used on Watkins, and Defendant Lawless was assembled as part of an extraction team that was never utilized because Watkins became compliant after the use of chemical munitions. (Smith Aff. ¶ 7, ECF No. 112-2 at 2; Lawless Aff. ¶¶ 5-6, ECF No. 112-7 at 2.) In fact, they also provide an affidavit from Lieutenant Kevin Cross averring that he was the officer who deployed chemical munitions against Watkins on the date at issue. (Cross Aff. ¶¶ 6-8, ECF No. 112-4 at 2-3.) In response to the defendants' motion, Watkins does not dispute the defendants' evidence, but instead, presumably as a result of the evidence presented by the defendants, moves to add Lieutenant Kevin Cross as a defendant in his case as the corrections officer who deployed the chemical munitions. (Pl.'s Resp. Opp'n Summ. J., ECF No. 117 at 4.)

Accordingly, on this record, no reasonable jury could find that Defendants Lawless and Smith used any force, much less excessive force, against Watkins, and they are thus entitled to summary judgment.

### 2. Fourteenth Amendment—Due Process

Watkins summarily states that Defendant Simmons "violated due process on the grievance [proceed]ings." (2d Am. Compl., ECF No. 53 at 1.) Watkins later clarifies in response to the defendants' motion for summary judgment that Simmons denied his Step 1 grievances. (Pl.'s Resp. Opp'n Summ. J., ECF No. 117 at 6.) The law is clear that a prisoner has no constitutional right to a prison grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state."). Thus, Watkins has failed to state a claim against Defendant Simmons.

### D. Watkins's Motion to Amend his Complaint

In response to the defendants' motion for summary judgment, Watkins moves to add Lieutenant Kevin Cross as a defendant in his case, as the evidence presented by the defendants identifies Cross as the corrections officer who deployed the chemical munitions. (Pl.'s Resp. Opp'n Summ. J., ECF No. 117 at 4.) Leave to amend a pleading generally should be denied only when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile. See Foman v. Davis, 371 U.S. 178 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509-10 (4th Cir. 1986). In this case, it is not clear that Watkins's amendment would be futile, nor does it appear that Watkins has acted in bad faith. The current defendants would not be prejudiced, as the court

has recommended their motions to dismiss and for summary judgment be granted, and the delay is not substantial. Furthermore, the court finds that justice requires leave to pursue the proposed amendment under Rule 15(a)(2) of the Federal Rules of Civil Procedure.

Accordingly, Watkins is granted leave to file a proposed Third Amended Complaint within fourteen (14) days from the date of this Order and Report and Recommendation to assert a claim of excessive force in violation of the Eighth Amendment against Lieutenant Kevin Cross.[6] Any amended complaint filed by Watkins is subject to further initial review by the court pursuant to 28 U.S.C. § 1915 and § 1915A.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motions to dismiss and for summary judgment be granted. (ECF Nos. 91 & 112.) Watkins's motion for the court to rule in his favor should be denied. (ECF No. 146.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 31, 2018
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[6] The plaintiff must do more than make mere conclusory statements to state a claim. See Iqbal, 556 U.S. at 678 (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"); Twombly, 550 U.S. at 555. Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).