

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| MARSHALL LEON WATKINS, § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 0:17-135-MGL-PJG | |
| § | | |
| NURSE JONES, LIEUTENANT SMITH, § | | |
| LIEUTENANT SURRATT, SGT LAWLESS § | | |
| LIEUTENANT BLACKWELL; LT. TAYLOR, § | | |
| MS. PHYALL, and JAMES SIMMONS, § | | |
| Defendants. § | | |

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER/AMEND**

Plaintiff Marshall Leon Watkins (Watkins), a self-represented state prisoner, filed this action under 42 U.S.C. § 1983. The Court has jurisdiction over the matter under 28 U.S.C. § 1331.

Pending before the Court is Watkins's "Motion to Alter/Amend and Reconsider Judgment Pursuant to Rules 52(b) and 59(e)" (motion to alter/amend). This motion is in reference to the Court's November 29, 2018, Order adopting the Report and Recommendation (Report) of the Magistrate Judge and dismissing the defendants Watkins named in his Second Amended Complaint: Defendants Nurse Jones, Lieutenant Smith, Lieutenant Surratt, Sgt Lawless, Lieutenant Blackwell, Lt. Taylor, Ms. Phyall, and James Simmons.

The Court notes it did not enter judgment in this case inasmuch as the Magistrate Judge allowed Watkins to file a Third Amended Complaint naming Kevin Cross as a defendant. Thus, the Court's November 29, 2018, Order was an interlocutory order.

Watkins cites to Rules 52(b) and Rule 59(e) as the bases for his motion to alter/amend. Rule 52(b) states "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings--or make additional findings--and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." Fed. R. Civ. P. 52(b). And, Rule 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59. Hence, neither one of these rules is applicable here inasmuch as each is concerned with amending a judgment, which the Court has not yet entered in this case.

Rule 54(b) is the mechanism a party must employ to challenge an interlocutory order. *See Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470 (4th Cir. 1991) ("We cannot find fault with the district court's finding that the Motion for Reconsideration should be considered under Rule 54(b) as a review of a prior interlocutory order.") That rule states, in pertinent part, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Thus, the Court will construe Watkins's motion to alter/amend to have been filed in accordance with Rule 54(b).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "This is because a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *Id*. at 514-15. "Said power is committed to the discretion of the district court[.]" *Id*. 515.

In Watkins's motion to alter/amend, he complains the Magistrate Judge failed to view a videotape showing his being sprayed with chemical munitions. The Court assumes this allegation is based upon the Magistrate Judge's neglecting to mention the videotape in her Report. The Court is unable to conclude, however, that her failure to mention the videotape means she did not view it. And besides, whether she reviewed the tape is inconsequential to her suggestion to dismiss the defendants the Court listed above. Accordingly, Watkins's motion is **DENIED**.

**IT IS SO ORDERED**.

Signed this 3rd day of April, 2019, in Columbia, South Carolina.

<u>s/ Mary Geiger Lewis</u>
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.