

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| MARSHALL LEON WATKINS, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:17-135-MGL-PJG |
| | § | |
| KEVIN CROSS, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT CROSS'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Marshall Leon Watkins (Watkins), a self-represented state prisoner, filed this action under 42 U.S.C. § 1983. The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1331.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant Kevin Cross's (Cross) motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 8, 2019, the Clerk of Court entered Watkins's objections on March 19, 2019, and Cross filed his reply to the objections on March 20, 2019. The Clerk entered Watkins's sur-reply on March 25, 2019, and his supplemental objections on March 28, 2019. The Court has carefully reviewed Watkins's objections, sur-reply, and supplemental objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Watkins's objections consist of conclusory statements concerning, for instance, the Report being "bias[ed] and prejudice[d]," his inability to "get a fair trial." and his wanting to "come to the court room and demonstrate [his] damages." Objections 1.

Watkins states in his supplemental objections he is "objecting to the [C]ourt granting the defendants motion because [he is still] suffering from all that the defendant did to [him]. Supplemental Objections 1. He contends his eyes are "still watering and burning from Kevin Cross gassing [him] with the chemical munitions." *Id*. Further, according to Watkins, the "summary judgment standard [does] not apply to [him] and [ his ] lawsuit because the defendants have admitted to doing what they did to [him] and they have said they [were] guilty. So the rule [does] not apply to [his] case." *Id*.

Watkins has failed to offer any specific objections to the Report. "In the absence of specific written objection, the district court [can] adopt the magistrate judge's recommendation . . . without conducting a de novo review[.]" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (citation omitted) (internal quotation marks omitted).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Watkins's objections, adopts the Report, and incorporates it herein.

Therefore, it is the judgment of the Court Cross's motion for summary judgment is **GRANTED**. Accordingly, Watkins's motions for a hearing and to review the videotape are **RENDERED AS MOOT**.

To the extent Watkins has raised any state claims against Cross, those claims are **DISMISSED WITHOUT PREJUDICE** so he may pursue them in state court if he wishes to do so.

**IT IS SO ORDERED**.

Signed this 3rd day of April, 2019, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.